PASSAIC NATIONAL BANK AND TRUST COMPANY, complainant,

*v.*

BENJAMIN TAUB, receiver of the property and things in action belonging to or due to or held in trust for Leo Nibbling, defendant-respondent, and VICTORIA NIB-BLING, defendant-appellant.

[Argued October 16th, 1945.   Decided January 31st, 1946.]

*Mr. Aaron Heller,* for the appellant.

*Messrs. Brunetto & Walsh (Mr. Francis F. Welsh,* of counsel), for the respondent.

The opinion of the court was delivered by

McGEEHAN, J.

Victoria Nibbling, styling herself "trustee for Leona Nibbling and Joan Nibbling," appeals from a final decree of the Chancellor adjudging that Benjamin Taub, receiver of the property and things in action belonging to or due to or held in trust for Leo Nibbling, is entitled to the sum of $815.27 which is on deposit in two savings accounts in the Passaic National Bank and Trust Company.

Leo Nibbling and Victoria Nibbling are husband and wife, and Leona and Joan are their minor daughters. On December 15th, 1939, Leo opened a savings account in his name as trustee for Joan Nibbling with a deposit of $545.14; on the next day the name of Victoria Nibbling was added as one of the trustees, and on the reverse side of the signature card appears: "This account and all moneys credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us, either and the survivor to draw. Leo Nibbling, Victoria Nibbling, Tr. for Joan Nibbling." On February 19th, 1940, Leo opened a savings account in his name as trustee for Leona Nibbling, the amount of deposit not stated; on March 19th, 1940, the name of Victoria Nibbling was added as one of the trustees and the reverse side of the signature card is the same as on the Joan account, except that "Leona" is substituted for "Joan."

Leo was involved in an automobile accident on August 27th, 1940; judgment was rendered against him on February 27th, 1941, and Benjamin Taub was appointed receiver. On January 18th, 1943, the receiver made demand on the bank for payment to him of the amounts on deposit in these two savings accounts. The bank brought this interpleader suit.

As to the source of the original deposit of $545.14 in the Joan account, Victoria testified "we had a lot of fifty cent

pieces saved up and I sent my husband down with them." There was no testimony as to the source of the original deposit in the Leona account. Except for vague references to a $25 deposit on March 19th, 1940 (source unknown), to a re-deposit of $230 which represented the repayment of a loan to Victoria's sister, and to deposits of $72 and $23 on March 10th, 1941, which, according to Victoria, might have been a transfer of moneys from the school bank to the bank accounts of the children, there is nothing in the record showing the number of, time of, source of, or the amount of later deposits in either account. Five withdrawals were made from the Joan account, all by Leo, as follows: $325, September 24th, 1940; $50, January 16th, 1941; $50, November 26th, 1941 (?); $200, December 23d, 1941, and $50, December 31st, 1942. When suit was started, the balance in the Joan account was $406.89. Three withdrawals were made from the Leona account, all by Leo, as follows: $50, September 2d, 1940; $325, September 24th, 1940, and $50, January 13th, 1941. When suit was started, the balance in the Leona account was $408.38. There is nothing in the record to show what Leo did with the withdrawals, except that he bought a car with the two $325 withdrawals of September, 1940, and the title to this car was later transferred to Victoria. There is no evidence that any of the money withdrawn was used for the benefit of either child. While Leo testified that after opening each account he gave the bank book to Victoria, there is no testimony as to who had possession thereafter. Both Leo and Victoria testified that the accounts were opened for the benefit of the children. Victoria had no source of money except her husband, and he gave her $20 to $22 per week to "run the house."

Appellant contends that the moneys in these two accounts are trust funds belonging to the children.

In a suit in which the receiver of a debtor seeks to recover assets of the debtor which have gone into a bank account of which the debtor is a named trustee, the fact that the bank account is styled a trust account is not of itself sufficient to support the finding of a valid trust as to such assets and thus prevent the receiver from reaching them; to support such a

finding, there must be evidence, in addition to the mere style of the account, of words or conduct which give outward manifestation of a clear intention on the part of the debtor to create such a trust, and there must be evidence showing that the debtor-trustee has not treated the account in any way incompatible with the continued existence of such a trust. Compare *Eagles Building and Loan* v. *Fiducia, 135 N. J. Eq. 7; affirmed, 136 N. J. Eq. 117; Wolf* v. *Wolf, 136 N. J. Eq. 403; Mucha* v. *Jackson, 119 N. J. Eq. 348.* The learned Vice-Chancellor concluded that no valid trust exists in either account, that the money in both accounts is the money of Leo and that the receiver is entitled to the amount in both accounts, and we agree with these conclusions.

Appellant contends further that if no valid trust is found then the receiver is entitled to only one-half the amount in each account, because Victoria is a joint tenant and as such she is entitled to one-half, and cites *Steinmetz* v. *Steinmetz, 130 N. J. Eq. 176; Goc* v. *Goc, 134 N. J. Eq. 61,* and *Dover Trust Co.* v. *Brooks, 111 N. J. Eq. 40,* in support. Until she raised the point in this court, Victoria never claimed any interest beyond that of a trustee, and there is no evidence that either Leo or she ever intended that she should have any interest beyond that of a trustee. There is no merit in this contention and the cases cited have no application to the facts of this case.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, COLIE, WELLS, RAFFERTY, DILL. FREUND, McGEEHAN, JJ. 12.

*For reversal*—HEHER, OLIPHANT, JJ. 2.