GEORGE RADICK *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST PROVIDENCE.

OCTOBER 14, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for certiorari to review the decision of the zoning board of review of the town of East Providence granting the application of Ernest Trahan for an exception or variation under the zoning ordinances for the construction and operation of a gasoline station at 973 Willett avenue in said town. The writ was issued and pursuant thereto all pertinent records have been certified to this court.

It appears therefrom that Trahan's application, dated September 22, 1954, was advertised in the Providence Journal on November 26, 1954 and was referred for hearing to December 6, 1954. On the latter date it was granted. No conditions as to operation were stated in the decision. The premises involved are located in a commercial D district and are within 100 feet of a dwelling house district wherein petitioner owns land. The maps in evidence show that the premises are within 100 feet of a school playground.

The petitioner, although owning property within said 100 feet, did not receive a written notice of the hearing before the board. He did not appear at such hearing and, as set forth under oath in his petition for a writ of certiorari, he had no actual knowledge of the pendency of the application for an exception or variation, and he first learned

thereof after the decision by the zoning board of review. He did not waive notice and was not given an opportunity to appear and state his reasons for objection to the application or to present evidence in support of his position that it should be denied.

The zoning ordinances of the town of East Providence in force at the time of Trahan's application provided as follows:

> "In any case where an appeal is filed to the Zoning Board of Review from a decision of the Inspector of Buildings or a petition for an exception to or a variance of the zoning ordinances is presented to the said Zoning Board of Review in accordance with the provisions of Section 8, Chapter 342, General Laws 1938, and Section 15 of this chapter as amended, it shall be the duty of the Inspector of Buildings to publish a notice of said hearing in a newspaper having a general circulation in Providence County at least ten (10) days prior to the date set for said hearing, and said notice shall include in the description of the property affected, the street, name and number assigned to said property as well as the tax assessors lot and plat number, *and it shall be the duty of the Inspector of Buildings to give written notice of the proposed hearing by regular mail, posted at least five (5) days before the proposed hearing, exclusive of Sundays and holidays to the owners of all property within one hundred feet of the property affected by the proposed action.*" (italics ours)

In our opinion the performance of the above-described duty, requiring the inspector of buildings to give the notice prescribed to those within the immediate area and presumably to be most affected by the board's decision, is a prerequisite to the exercise of jurisdiction by the board.

The giving of such notice is not merely directory, nor a practice, custom or usage of the board, but is an applicable provision of the town ordinances which establish the jurisdiction of the board. In the circumstances herein we are of the opinion that the failure to give the notice prescribed

above deprived the board of jurisdiction to grant the application. See *Richard* v. *Board of Review,* R. I., 129 Atl. 736.

The petition for a writ of certiorari is granted, the decision of the respondent board is quashed, and the records in the case which have been certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

BAKER, J., did not participate in the decision.

*Kenneth M. Beaver,* for petitioner.

*Sarkis Tatarian, Town Solicitor, Thomas F. Vance, Jr.,* for respondent.