248 A.2d 321.

MARY L. CARROLL *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

DECEMBER 6, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for certiorari to review the action of the respondent board granting Helen F. Stomberg and Texaco, Inc. permission to construct a gasoline station and service area on two lots both of which are located on Hope Street in the city of Providence.

The application is for an exception or a variance. It was filed by Helen F. Stomberg, joined in by Texaco, Inc., and applies to lots 134 and 154 on assessor's plat 93 both of which are in a C-2 general commercial zone. Lot 134 is owned by Texaco, Inc., and located thereon is a gasoline station, a legal nonconforming use; lot 154, although owned by Helen F. Stomberg, is subject to an option to purchase running to Texaco, Inc. It is occupied by a rambling two story frame building and is devoted to uses permitted in a C-2 zone. The relief requested is for permission to replace

the existing gasoline service station with a new modern station to be situated solely on lot 134, and to raze the building on lot 154 so that the land may be used for underground gasoline storage tanks as well as for a service area for the adjoining station.

The threshold question is jurisdictional and concerns the notice[1] which the board gave of the hearing to be held on the application. That notice by implication indicates that Helen F. Stomberg, rather than Texaco, Inc., is the owner of lot 134.

In zoning matters, just as in other legal proceedings, notice is a jurisdictional prerequisite. It is purposed upon affording those having an interest an opportunity to present facts which might shed light on the issue before the board, *Perrier* v. *Board of Appeals,* 86 R. 1. 138, 144, 134 A.2d 141, 144, and upon assisting "the board to do substantial justice to an applicant while preserving the spirit of the ordinance under consideration." *Mello* v. *Zoning Board of Review,* 94 R. I. 43, 49, 50, 177 A.2d 533, 536. A proper fulfillment of those purposes demands "* * * notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U. S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865, 873.

Our statute, G. L. 1956, §45-24-18, mandates that notice of the time fixed for the hearing be given to the public as well as to the parties in interest. Compliance with the

---

[1]The notice was dated April 1, 1968, advised of a hearing to be held on April 9, 1968 at 3:00 p.m. and stated:

"You are hereby notified that Helen F. Stomberg of 106 Rolfe Street, Cranston, R. I. has filed an application for permission to be relieved from sections 52-A, 54-A-3 and 23-A-3(a) of the Zoning Ordinance in the proposed construction of a service station located at 769 Hope Street, Lots 154 and 134 on Assessor's Plat 93 in a Commercial C-2 Zone; approximately 45' x 41'—10" on Lot 134 and four (4) 5,000 gallon underground storage tanks on Lot 154."

mandate is a jurisdictional prerequisite. *Radick* v. *Zoning Board of Review,* 83 R. I. 392, 117 A.2d 84; *Richard* v. *The Board of Review,* R. I., 129 A. 736. Merely to advise of the date, time, and place of a proposed meeting without more, however, is a mere gesture, and will be of little significance unless in addition some advice is given of the purpose for which the meeting has been called. To meet that requirement — and it is a due process requirement — the rule has developed that the notice, if it is to be adequate and sufficient, must in addition advise concerning the precise character of the relief sought and the specific property for which that relief is sought. *Pascalides* v. *Zoning Board of Review,* 97 R. I. 364, 197 A.2d 747; *Mello* v. *Zoning Board of Review, supra; Abbott* v. *Zoning Board of Review,* 78 R. I. 84, 79 A.2d 620.

The adequacy and sufficiency of the notice in this case turns on whether the impliedly inaccurate statement that Helen F. Stomberg, rather than Texaco, Inc., owned lot 134 was of sufficient consequence to vitiate an otherwise clear and definite identification of both the specific relief sought and the particular land to be affected. Certainly the error was minor. Although concededly a misstatement, it related neither to the purpose for which the meeting was being held nor to what was intended to be accomplished, and it cannot reasonably be said to have misled into inaction at the hearing before the board or to have left the public or any interested person in doubt concerning what was being proposed and what property was to be affected. Indeed, the contrary is the case because, notwithstanding the irregularity, the notice reasonably conveyed the required information and adequately afforded those interested a reasonable time to make their appearance. No more was required; no less would have sufficed to meet constitutional requirements.

That the original application contains errors and inaccu-

racies in addition to the misstatement which appeared in the notice need not be considered on the view we take of the case.

Leaving the question of jurisdiction and turning to the merits, we find that the application is for a variance or an exception. It specifies sections 23-A-3(a), 52-A-2, and 54-A-3 of the zoning ordinance as the provisions which authorize the grant of an exception for the construction of a gasoline service station in a C-2 general commercial zone. Those sections are patently inapposite as sources of the needed authority. Section 23-A-3(a) provides that

> "A building or structure nonconforming as to regulations for use or lot area per dwelling unit shall not be added to or enlarged in any manner unless such building or structure, including such addition and enlargement is made to conform to the use and area per dwelling regulations of the zone in which it is located."

Section 52-A enumerates the uses permitted in a C-2 general commercial zone and the enumeration does not include a gasoline service station; and section 54-A-3 lists an automobile service station (gasoline station) as one of the uses permitted in a C-4 heavy commercial zone. The board, even though its decision predicated relief upon these sections, now recognizes their lack of pertinency, and neither in its brief nor in its oral argument did it in any way rely upon them as a basis for its action. It looked instead principally to section 27-5 of the ordinance. That section permits a public service use to be established in any zone as a special exception and defines such a use in the following manner:

> "5. *Public Service* — Including electric distributing substations, fire and police stations, telephone exchanges *and the like*." (underlining ours)

Even were we to assume that the board may at this stage of these proceedings find authority for its action in a zoning regulation other than those upon which it in fact premised

the grant of an exception,[2] its attempt to include a gasoline service station within the quoted "and the like" provision of 27-5 fails. Such a construction is forced, and runs counter to the clearly evidenced legislative intention of section 54. That section in a series of subsections lists all of the uses permitted in a C-4 heavy commercial zone. Section 54-A-3 authorizes a gasoline station; and section 54-A-7, in language which is substantially identical to that of section 27-5, permits public service uses. If the legislature had intended to include a gasoline station within the public service uses of section 54-A-7 there would have been no need to list it separately in section 54-A-3. Having clearly differentiated in section 54 between a gasoline station use on the one hand and public service uses on the other, it obviously could not have intended to include one within the other in section 27-5.

The board also attempts to justify its grant of an exception for the installation of underground storage tanks on lot 154 in the following manner: First, it purports to find that justification by applying the rule in *Viti* v. *Zoning Board of Review*, 92 R. I. 59, 166 A.2d 211, to the provisions of section 23-E of the zoning ordinance. Under appropriate circumstances, section 23-E permits a nonconforming use to be extended within the bounds of the lot occupied by the use. The *Viti* doctrine permits a deviation from the area restrictions of a zoning ordinance whenever their literal enforcement would have so adverse an effect upon the owner as to preclude his full enjoyment of a permitted use.

Alternatively, the board resorts to a syllogism. Its major

---

[2] See *Vican* v. *Zoning Board of Review*, 103 R. I. 429, 238 A.2d 365, where at 432, 238 A.2d at 367, 368, we said in obiter dictum. "Although petitioners state in their application that they are seeking an exception or a variance, they have failed to refer in their *application or brief* to any specific section of the ordinance under which they would be entitled to an exception." (underlining ours)

premise is that gasoline storage tanks will customarily be found in a parking garage, a permitted use in a C-2 zone under 52-A-2(p); its minor premise is that lot 154 will be used primarily as a service or parking area for the gasoline service station to be located on the adjoining lot; its conclusion is that the installation of the underground storage tanks qualifies as an accessory use under section 21-A-1[3] of the zoning ordinance. Both of these attempts at justification are so clearly lacking in logic and so obviously without merit that they can be dismissed without discussion.

Inasmuch, then, as the board has not pointed to any provision of the ordinance on which its grant of a special exception may rest, we consider the application, even though it is stated as for an exception or a variance, as one for a variance only. *Caccia* v. *Zoning Board of Review*, 83 R. I. 146, 113 A.2d 870; *Somyk* v. *Zoning Board of Review*, 99 R. I. 255, 207 A.2d 34. If the application had been so considered, the board, if its decision is to be sustained, should have found upon competent evidence that to apply a literal enforcement of the ordinance would deprive the applicants of all beneficial use of their property. *Smith* v. *Zoning Board of Review*, 104 R. I. 1, 241 A.2d 288; *Bilodeau* v. *Zoning Board of Review*, 103 R. I. 149, 235 A.2d 665; *R-N-R Associates* v. *Zoning Board of Review*, 100 R. I. 7, 210 A.2d 653. That finding was not made and, even if made, would have lacked a supporting evidentiary base. The decision cannot therefore be sustained on variance grounds.

The petition for certiorari is granted, and the decision of the respondent board is quashed.

---

[3]In pertinent portion section 21-A-1 reads:

"1. *Accessory Building and Use*—A subordinate building located on the same lot with the main building, or a subordinate use of land, either of which is customarily incident to the main building or to the principal use of the land."

*Higgins & Slattery, William C. Dorgan,* for petitioner.

*Edward F. Malloy,* Assistant City Solicitor, *Swan, Keeney & Jenckes, Harry W. Asquith, Harold W. Thatcher, Edmund J. Kelly* of counsel, for respondent.