[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on appellants' appeal of a July 10, 1988 East Providence Zoning Board decision, granting to appellees special exception allowing gypsum storage on their property. Jurisdiction in this Court is pursuant to R.I.G.L.
1956 (1988 Reenactment) § 45-24-18.
At a May 10, 1988 hearing, the East Providence Zoning Board (hereinafter "Board") the special exception petition (No. 4480) of Highland American Corporation (hereinafter "Highland") and its predecessor in interest, Astro Sales Corporation (hereinafter "Astro"), requesting the allowance of gypsum storage on their property. Notice of that hearing was given as per East Providence Zoning Ordinance § 19-4(a) (b) (in compliance with R.I.G.L.
1956 (1988 Reenactment) § 45-24-18), requiring that those abutting landowners within 200' of the property and other parties in interest receive actual notice by mail of the hearing. Beyond that, the city is required to give the public notice through a local newspaper posting.
The facts in the present case indicate that the notice of the first hearing was sufficient. Appellants knew of the first hearing through publication of the notice in the ProvidenceJournal. They were not given personal mail notice because they were not statutorily entitled to it.
The Board subsequently waived City Zoning Ordinance § 34-13 requiring an eighteen month waiting period for repetitive petitions, and allowed Highland and Astro to again apply for a special exception (No. 4501) regarding the gypsum storage on their property. Following the same notice procedures used for the May 10, 1988 hearing, the Board held a second special exception hearing on July 20, 1988. The appellants did not appear at the latter hearing; the special exception was granted at the July 20, 1988 hearing.
The appellants have appealed this decision to Superior Court asking this Court to reverse the Board's decision, and claiming violations of their due process rights due to defective notice regarding the second hearing. They assert that their conduct at the May 10, 1988 hearing raises them from members of the public to parties in interest in the matter, thus endowing them with the right of actual (mail) notice of the July 20, 1988 hearing.
The seminal Rhode Island case regarding notice in zoning hearings is Carroll v. Zoning Board of Review, 104 R.I. 676,248 A.2d 321 (1968). Carroll emphasizes that there is a jurisdictional requirement for effective notice regarding zoning changes. Id. at 323. Further, notice must be given to the public as well as the parties in interest. Id. at 323 citingRadick v. Board of Review, 83 R.I. 392, 117 A.2d 84, 85 (1955). These two levels of notice — one for the public and one for the parties in interest — is ultimately strengthened inR.I.G.L. 1956 (1988 Reenactment) § 45-24-18:
 45-24-18. Hearing of appeals to board. — The board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time. Upon the hearing any party may appear in person or by agent or by attorney.
Notice given to the public is sufficient in a constructive form. Mello v. Board of Review, 94 R.I. 143, 177 A.2d 533, 536 (1962). Pendency of a zoning hearing published in a local newspaper circulated through the city in question is constructive notice, and is sufficiently compliant with the statutory requirement for public notice. Tuite v. Zoning Board of Reviewof Woonsocket, 95 R.I. 12, 182 A.2d 313 (1962). Publication of the notice in the instant case was made, in both instances, in the Providence Journal.
Notice is further sufficient if it is reasonably calculated to inform interested parties of the pendency of the action and the precise character of the relief. Paquette v. Zoning Board ofReview, 118 R.I. 109, 372 A.2d 973, 974 (1973). There is nothing in the record of the instant case to indicate that notice failed on that basis.
This jurisdiction has yet to address the issue of who constitutes a "party in interest" in conjunction with notice sufficiency. Certainly, the applicant, those statutorily protected abutters of the property, and any involved municipal officers are considered "parties in interest." (Zoning — Noticeof Change, 38 A.L.R.3d 167, 176), but who else qualifies so as to merit actual notice? More specifically, does a person's appearance as an objector at a former hearing entitle him to actual notice of a second hearing? Logically, the answer would be "no." The record-keeping that would result from the necessity of informing of everyone who appears at a zoning hearing, of the possibility of a second related hearing would be overwhelming and counter-productive for the zoning board, whose job is to administer the needs of the local landowners in a zoning arena.
Appellants' arguments regarding the status of the protestant in a zoning hearing as a party in interest are unpersuasive.Stafford v. Lower Gwynedd Township, 249 Mont. Cty. Law Rptr. 255 (1954), on which appellants rely regarding this higher protestant status do not apply to notice of an earlier zoning hearing, but a notice of zoning decision — that which is already handed down with no further immediate proceedings affecting the parties' status. That type of notice distinguishes the above-noted case from the instant case, which deals with notice of a hearing.
In Eberhart v. LaPilar Realty, 45 A.2d 679, 355 NYS.2d 791 (1974), the landowner appealed from a variance reversal, subsequently obtained an amended variance, and began construction in accordance with the amended variance. Protestants who had objected at the initial variance hearing and had successfully obtained the reversal, argued that their due process rights were violated because they were not informed of the amendment hearing for the variance and thus, did not appear there to object. The court held that it was the protestants' duty to keep themselves informed of any further proceedings, and that they, by virtue of their status as objectors, had obtained no rights of notice as to further related proceedings. Id. at 793. As in the instant case, the protestant status regarding notice is at issue. Reliance on the reasoning in the similar situation in Eberhart
supports the premise that appellants are not entitled to actual notice as parties in interest. Eberhart states the logical reasoning that protestants are obligated to keep themselves informed of any further related proceedings.
For the reasons discussed hereinabove, this Court finds that the appellants' appearance and objections at appellee-corporations' May 10, 1988 special exception hearing does not raise them to the status of "parties in interest" for the purposes of R.I.G.L. 1956 (1988 Reenactment) § 45-24-18, which would entitle them to actual notice of the related July 20, 1988 zoning hearing. This Court thus holds that sufficient notice was given to appellants regarding the second special exception hearing. Their appeal is denied, the July 20, 1988 decision of the East Providence Zoning Board is hereby affirmed.