[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by Antonio Matos, et al ("Plaintiffs") who seek reversal of a July 11, 1991, Town of Bristol Zoning Board of Review ("The Board") decision which granted Manuel Peixoto ("Defendant") a variance. Jurisdiction is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20.
STATEMENT OF FACTS
The pertinent facts of the instant appeal are as follows. Defendant is the owner of the subject property in question designated as lots number fifteen (15), seventeen (17), and nineteen (19) of Bristol Tax Assessor's Plat 33. The subject lots are presently situated in a GR Zoning District and pursuant to § 22-9 of the Bristol Zoning Ordinances a multi-family dwelling is a permitted use therein.
Defendant filed a petition with the Board on May 1, 1991, seeking a variance from § 22-10 of the zoning ordinances in order to construct a twelve (12) unit apartment complex. Said section designates the specific dimensional requirements for the various uses with respect to the zoning areas. Specifically, § 22-10 requires that any multi-family dwelling consist of six thousand (6,000) square feet per dwelling unit for the first unit plus four thousand (4,000) square feet for each additional unit. The subject lots comprise a total of fifteen thousand one hundred seventy-two (15,172) square feet.
The Board held a scheduled hearing on June 11, 1991, before which defendant and several objectors to the granting of the variance testified. Defendant testified primarily with respect to the construction of the proposed building as well as to the fiscal necessity for constructing a twelve (12), as opposed to a lesser, unit building. It `was defendant's contention that a building consisting of less than twelve (12) units would render the project less desirable both aesthetically and economically. Several objectors testified against the granting of the variance essentially arguing that a twelve (12) unit structure would increase the noise, congestion, and traffic level in the area.
At the conclusion of the June 11, 1991, hearing several issues were left unresolved. The Board determined that it would continue the hearing until the next session in order to give defendant an opportunity to resolve same. Particularly, the Board, prior to ruling on the application, required defendant to conform to certain window requirements as well as resolve whether defendant had conformed to the procedural requirements of § 22-65. Said section allows for a density bonus of up to thirty (30) percent of the allowable units pursuant to § 22-10 of the zoning ordinances. Section 22-65 also requires an applicant to allocate a certain number of units to be utilized as low and moderate income households.
The Board reconvened at its regularly scheduled meeting on July 9, 1991. At said hearing defendant testified that he had had several conversations regarding his project with the Bristol Foundation and the Bristol Housing Authority. Pursuant to § 22-65, both agencies are charged with administering affordable housing in the Bristol area. Defendant also presented evidence which satisfied the Board that he had complied with all necessary regulations with respect to the windows. No other relevant testimony was presented. At the conclusion of the hearing the Board voted four (4) to one (1) to approve defendant's application.
Plaintiffs raise several issues on appeal. Plaintiffs first allege that the Board lacked competent jurisdiction to hear the merits of defendant's application in that notice of the hearing was defective. Second, plaintiffs aver that defendant was not a proper party in interest to the proceeding and, as such, had no standing to seek a variance. Lastly, plaintiffs contend that defendant failed to satisfy the standard necessary for obtaining relief.
Defendant objects to plaintiffs' averments and contends that neither notice of the hearing nor the Board's decision to grant the variance was defective. Accordingly, defendant seeks affirmance of the Board's decision.
Analysis
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the zoning board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). Our Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id. Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
I.
Plaintiffs' first challenge to the Board's decision rests upon the alleged lack of notice of the hearing. Pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-18 a zoning board is required to give public notice of any hearing with respect to zoning matters. Such notice affords all parties who may have an interest in the matter an opportunity to present facts before the respective zoning board prior to a decision on the application being made. Carroll v. Zoning Board of Review of the City ofProvidence, 104 R.I. 676, 248 A.2d 321 (1968). Lack of this due process requirement renders the board jurisdictionally incapable of adjudicating the matter, Id. at 678-79, 248 A.2d at 323.
Plaintiffs allege that the Board's notice of the June 11, 1991, hearing was defective in that it incorrectly advertised the location of the proposed variance as 10 Francis Street rather than 32 Wall Street, the correct situs. If true, plaintiffs' argument would be worthy of merit. However, the Court finds plaintiffs' contention factually inaccurate.
Pursuant to § 22-5(d) of Bristol's zoning ordinances the Board was required to publish notice of the hearing in a newspaper of general circulation at least twenty-one (21) days prior to the date of the hearing. In complying with this mandate, the Board published notice thereof in the Bristol Phoenix on May 16, May 23, May 30, and June 6, of 1991. Said notice correctly advertised defendant as the petitioner, the date of the hearing, the address for which defendant was seeking a variance, and the type of relief sought. Such public notice published in a newspaper of general circulation constitutes sufficient notice for the purposes of complying with § 45-24-18. Tuite v. ZoningBoard of Review of the City of Woonsocket, 95 R.I. 12, 14,182 A.2d 311, 313 (1962). Plaintiffs further allege that notice of the hearing was defective in that the notice sent to abutters of the situs erroneously identified the location. However, the Board corrected this initial error and thereafter forwarded proper notice. The court is persuaded that notice herein was sufficient. Many neighbors of the situs signed a petition either in support of or against the proposed variance. In addition, several neighbors appeared before the Board at the June 9 hearing. Both these facts tend to indicate that notice of the hearing was both sent and received.
It appears clear, then, that the notice forwarded comported with both the constitutional mandates of due process as well as the statutory provisions requiring adequate notice. Furthermore, the court is mindful that our Supreme Court in Pascalides v.Zoning Board of Review of the City of Cranston, 97 R.I. 364, 368, 197 A.2d 747, 750 (1964), held that notice need not be letter-perfect. Rather, it need only be "reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected." Carroll, supra at 679, 248 A.2d at 323. The Court is satisfied that the Board's notice was so reasonably calculated.
Plaintiffs also allege that the Board failed to give proper notice of the continued hearing on July 9, 1991, thereby rendering the Board's decision to grant the variance jurisdictionally defective. The Court also finds this contention without merit.
At the conclusion of the June 11, 1991, hearing the Board continued defendant's petition to their regularly scheduled July hearing. All parties in interest who attended the June 11 hearing thereby had actual notice that defendant's application would be further discussed at the July session. The Court is convinced that all persons who had an interest in the instant matter and sought to address the Board at the June 11 hearing had sufficient notice that an opportunity to further address the Board at the July session existed.
Plaintiff also contends that the Board incorrectly allowed defendant to introduce additional evidence at the July 9 hearing while not affording objectors to the variance the same opportunity. A careful review of the July 9 hearing, however, easily dismisses plaintiffs' contention. At the commencement of said hearing the Board determined that a sufficient amount of evidence with respect to the variance had been introduced. The Board thereafter allowed defendant to clarify the two (2) issues which had been left unresolved from the previous hearing. Had the Board not allowed defendant to clarify these issues the objective for the continuance would not have been met. There is no evidence in the record tending to show that the Board heard any evidence, other than what was intended, in support of defendant's petition. The Court therefore finds plaintiffs' argument that the continued hearing was procedurally defective meritless.
II.
Plaintiffs next argue that defendant lacked the required standing to petition the Board for relief. This argument is premised upon the fact that as of May 1, 1991, the date upon which defendant filed the petition, defendant was not the recorded owner of the situs. Rather, defendant had entered into a purchase-and-sale agreement with the recorded owner, Donald Rodriques, in or about December of 1990. Plaintiffs aver that this interest is insufficient to confer standing to seek relief. However, this contention is easily dismissed by a thorough understanding of the doctrine of equitable conversion.
Immediately upon the signing of the purchase-and-sale agreement defendant became the equitable or beneficial owner of the situs. Consequently, the duty to seek the proposed relief befell defendant rather than Rodriques who, upon the signing of the agreement, merely held legal title to the land. Any risk which was imposed with respect to zoning ordinances after a binding purchase-and-sale agreement was signed was allocated to defendant. See, 6 Corbin, Contracts § 1361 at 492 (1962). Furthermore, and more importantly, our Supreme Court has specifically held that one who has a binding contract to purchase property has standing to seek relief from a zoning ordinance.Annicelli v. Town of South Kingstown, 463 A.2d 133, 139 (R.I. 1983).
III.
Plaintiffs lastly challenge the decision to grant defendant relief alleging that the Board improperly found that defendant had satisfied the necessary standard entitling him to relief. Pursuant to § 22-9 of the Bristol zoning ordinance a multi-family dwelling is a permitted use in a GR zone. However, § 22-10 mandates that for each multi-family dwelling there exist six thousand (6,000) square feet for the first dwelling unit and an additional four thousand (4,000) square feet for each additional unit. It was this lot size requirement from which defendant sought relief.
Initially, the Court would point out that where an applicant seeks relief from regulations which govern a permitted use — such as lot size or height restrictions — it need only be demonstrated that strict adherence to the regulation will create an adverse impact amounting to something more than a mere inconvenience to the applicant. Rozes v. Smith, 120 R.I. 515, 519, 388 A.2d 816, 819 (1978); Viti v. Zoning Board of Review of the City ofProvidence, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). Relief from such regulatory measures is properly granted where an applicant demonstrates before the zoning board that literal enforcement thereof would preclude the full enjoyment of a permitted use. Westminster Corporation v. Zoning Board of Reviewof the City of Providence, 103 R.I. 381, 387-88, 238 A.2d 353, 357 (1968).
Plaintiffs contend that defendant failed to establish that evidence tending to show that denial of the variance would amount to an adverse impact amounting to more than a mere inconvenience as is required under Rozes, supra. The Court disagrees.
Defendant testified extensively as to the necessity for obtaining relief in order to construct a twelve (12) unit apartment complex. In support thereof defendant testified that construction of a lesser number of apartments would require him to either expend less capital in building the complex or to charge a higher rent than he had originally anticipated. Defendant, a real estate developer, testified that twelve (12) units were the minimum number necessary to make the project financially feasible. Defendant also testified that a higher rent would render the apartments less affordable to many Bristol residents — a concept which would be in derogation of Bristol's Affordable Housing Plan.
Plaintiffs contend that the mere economic impracticality of constructing a complex with fewer units does not vault defendant over the Viti hurdle. While this is arguably true, see,Apostolou, supra at 510, 388 A.2d at 826, the Board ostensibly found, based upon defendant's testimony, that denial of the variance would render the project financially impossible thus creating an adverse impact amounting to more than a mere inconvenience. Such a finding is sufficient to grant a petitioner a Viti variance. See, Westminster, supra at 388, 238 A.2d at 358. The Board had before it ample evidence from which it could have concluded that twelve (12) units was the minimum relief necessary for defendant to enjoy an otherwise permitted use. Additionally, a zoning board of review is presumed to have competent knowledge in order to carry out the intent of the ordinances and may utilize on-site inspections as "other proper means" to acquire information necessary in its determination to grant or deny a variance. Melucci v. Zoning Board of Review ofthe City of Pawtucket, 101 R.I. 649, 653, 226 A.2d 416, 419 (1967). In the instant case, the Board made an on-site inspection of the proposed location of the apartment complex. Said inspection revealed that there was at least one (1) other multi-dwelling apartment complex. In this respect, the Board determined that defendant's proposed structure would not be antithetical to the surroundings.
Moreover, our Supreme Court in Westminster, supra, held that a use expressly permitted by the terms of a zoning ordinance is available to a landowner as a matter of right unless it is shown that any restriction thereof is necessary to further the police powers of the municipality. Westminster, 103 R.I. at 389, 238 A.2d at 358. There has been no evidence presented that the Board's decision to grant the variance in any way impinges upon any of Bristol's police powers. The Court would also point out that whether or not defendant could have made other uses of the situs was irrelevant to the Board's decision. The sole issue to which the Board was confined was whether denial of the variance would preclude defendant the full enjoyment of a permitted use. See, Id. at 388, 238 A.2d at 358.
For the reasons herein above set out this Court finds that the Board's July 9, 1991, decision granting defendant a variance was supported by reliable, competent, and probative evidence. Accordingly, plaintiffs' appeal is hereby denied.
Counsel shall prepare entry of judgment in accord with this decision.