DECISION
This case is before the Court on appeal from a decision of the City of Warwick Zoning Board of Review (Zoning Board) pursuant to § 45-24-69 of the Rhode Island General Laws 1956, as amended. The plaintiff, Jacqueline A. Kasun (appellant), here seeks reversal of the Board's decision made on July 11, 1995, and filed on July 17, 1995, or a remand of the matter to the Zoning Board. In its decision, the Zoning Board granted the application of Ronald Chofay and William and Linda Gardiner, the plaintiff's neighboring landowners, who sought a variance from § 906.3 A, B, and C, as well as Table 2A, Dimensional Regulations of the Warwick Zoning Ordinance for Assessor's Lots 301 and 302 on Assessor's Plat 355 in Warwick, Rhode Island.
Before this Court are (i) the certified records on appeal, including the Zoning Board's decision, exhibits, and transcript of the hearing held on July 11, 1995 and (ii) memoranda of counsel.
FACTS/TRAVEL
On February 13, 1995, appellees, Ronald Chofay and William and Linda Gardiner (appellees) filed an application for Exception or Variation under the Warwick Zoning Ordinance. See Appellant's Exhibit A. The application sought relief from the dimensional regulations of the Warwick Zoning Ordinance, specifically as to yard setback requirements. Id. At the time of the application, Chofay owned the property identified as Assessor's Lot 301, and the Gardiners owned Assessor's Lot 302. In order to carry out his plans to construct a home for him and his wife, appellee Chofay negotiated the purchase of the Gardiner lot, contingent upon his obtaining the necessary variances from the Zoning Board to make use of his existing lot. (Tr. at 2.) The Gardiners' lot is to the east of Mr. Chofay's lot and is about 6,600 square feet with frontage on Narragansett Bay. See Appellee's App. 6. The easterly side of Mr. Chofay's lot is also encumbered by a 10 foot wide right-of-way, thus leaving a remaining lot width of 50 feet. See
Appellee's App. 7. To the west of Mr. Chofay's lot is an approximately 5,000 square foot vacant lot owned by the city of Warwick. See Appellee's App. 6-8. The city of Warwick has refused to sell this lot, instead, opting to keep it available as open space for public use due to the proximity to Narragansett Bay. (Tr. 21-22.) The back of Mr. Chofay's lot abuts property owned by the plaintiff. See Appellee's App. 6-8. Mr. Chofay submitted plans with a proposed resident of 30 feet by 40 feet. See
Appellee's App. 7.
Under the Warwick Zoning Ordinance, Lots 301 and 302 are located in a residential district designated as A-15, which means that each lot requires a minimum area of 15,000 square feet with a minimum frontage and width measurement of 125 feet.See Table 2A § 300 of the Warwick Zoning Ordinance (1994). The Ordinance also contains a merger provision which provides:
 "Abutting nonconforming lots. If two (2) or more abutting nonconforming lots are held in the same ownership as of June 20, 1988 or subsequent thereto, such lots shall be combined for the purposes of this ordinance in order to conform or more nearly conform to any of the dimensional requirements of this Ordinance for the district in which the lots are located. . . ." § 405.2 of the Warwick Zoning Ordinance (1994). (Emphasis added.)
Through the proposed merger of lots 301 and 302, the defendant, Mr. Chofay tried to minimize the necessary variances. See
Appellee's Memorandum of Law at 3.
Pursuant to G.L. § 45-24-18 and § 906.2 of the Warwick Zoning Ordinance, the Zoning Board placed in the Warwick Beacon on Tuesday, June 27, 1995, an advertisement which stated,
 "A regular hearing of the Warwick Zoning Board of Review will be held on Tuesday, July 11, 1995 at 7:00 p.m. in the City Council Chambers, Warwick, City Hall, Warwick, Rhode Island when all persons will be heard for or against the granting of the following applications for special permits under the Zoning Ordinance: Ronald S. Chofay, 12 Belt Street, Warwick, Rhode Island, for a request for a variance/special use permit from the zoning ordinance to construct a single-family dwelling on an undersized lot (Lots 301 and 302), proposed dwelling having less than required side yard setback, southeasterly end of Whipple Avenue, Warwick, Rhode Island, Assessor's Plat 355, Lots 301 and 302, zoned Residential A-15. . . ." See
Appellant's Exhibit D.
In addition, the Board also sent notice to abutting owners within 200 feet, including the appellant. See Appellant's Exhibit D. The matter was heard by the Zoning Board on July 11, 1995. After hearing testimony from the appellee, Mr. Chofay, Michael Raimondi, a professional land surveyor, and Francis J. McCabe, a real estate expert, the Zoning Board voted at the meeting to grant the applicants' request for relief from the Zoning Ordinance. (See 7/11/95 Tr.) On July 17, 1995, a written decision was issued by the Zoning Board explaining the basis for its decision. The instant, timely appeal followed.
On appeal, the appellants argue that the decision of the Zoning Board was made in violation of the Rhode Island General Laws and the Warwick Zoning Ordinance. Specifically, the appellant asserts that the Zoning Board's decision is affected by unlawful procedure due to insufficient notice. The appellant also argues that the Zoning Board improperly accepted the testimony of Mr. Chofay's experts.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 "45-24-60. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statute your ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolou v. Genovesi,120 R.I. 501, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and GravelCo., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision.R.J.E.P. Associates v. Hellewell, 560 a.2d 353, 354 (R.I. 1989).
NOTICE
Section 45-24-18 of the Rhode Island General Laws mandates that the zoning board of review shall give public notice and shall give due notice to the parties in interest. Ryan v. ZoningBoard of Review of New Shoreham, 656 A.2d 612, 615 (R.I. 1995). Compliance with this statute is a pre-requisite to the exercise of the jurisdiction of the zoning board of review. Id. (citingZeilstra v. Barrington Zoning Board of Review, 417 A.2d 303, 307 (R.I. 1980)). The notice requirement provides those having an interest and opportunity to proffer information that could help explain the issue before the board.Id. (citing Carroll v. Zoning Board of Review of Providence,104 R.I. 676, 678, 248 A.2d 321, 323 (1968)). Furthermore, adequate and sufficient notice is a requirement of due process in zoning matters. Id. (citing Zeilstra, 417 A.2d at 307;Carroll, 104 R.I. at 679, 248 A.2d at 323.) Thus, any action taken by a board that has not satisfied the notice requirements is a nullity. Id. (citing Corporation Service, Inc. v. ZoningBoard of Review of East Greenwich, 114 R.I. 178, 180,330 A.2d 402, 404 (1975)).
It has been determined that in order to be sufficient, "the notice sent `must be reasonably calculated, in light of all the circumstances, to apprize the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected.'" Zeilstrav. Barrington Zoning Board of Review, 417 A.2d at 307. (R.I. 1980) (quoting Paquette v. Zoning Board of Review of WestWarwick, 118 R.I. 109, 111, 372 A.2d 973, 974 (1977)).
The appellant contends that the notice concerning the appellee's application for a variance failed to meet the constitutional requirement of precision. The record reflects that the notice received by the appellant was reasonably calculated, in light of all the circumstances, to inform her of the type of relief sought by the interested parties. The application indicates that the parties sought to construct a single-family dwelling on the combination of two lots, and the advertisement reflects same. The record also reflects that the appellant received notice of the hearing of the Zoning Board.See Appellant's Exhibit D. Not only was she present at the July 11, 1995 meeting, but she was also represented by counsel, (Tr. at 13.) In addition, the appellant also presented the testimony of Raymond F. Cherenzia, a licensed engineer and land surveyor in the State of Rhode Island, who expressed the opinion that the proposed house would interfere with the health, safety, and welfare of the town. (Tr. at 27.) It is well-settled that when a party appears before a zoning board of review and avails herself of the opportunity to present her position to the board, she thereby waives her right to object to any alleged deficiencies of notice. Zeilstra v. Barrington Zoning Board ofReview, 417 A.2d 307 (R.I. 1980) (citations omitted.) Furthermore, the appellant has not illustrated exactly how she may have been prejudiced by the notice she did receive. SeePerrier v. Board of Appeals of Pawtucket; 86 R.I. 138,134 A.2d 141 (1957).
The appellant also asserts that the Zoning Board improperly accepted the testimony of the experts presented on behalf of Mr. Chofay. The record indicates that when the Chairman inquired whether Angelo Raimondi "testified before other Boards," Raimondi replied in the affirmative, citing Gloucester, Scituate, Coventry, Richmond, Johnston, Pascoag, and Burrillville. (Tr. at 3.) Furthermore, after reviewing Mr. Raimondi's qualifications and calling a roll of the board members, the Chair explicitly recognized Mr. Raimondi as a professional land surveyor. Thus, the record clearly demonstrates that the Board found that Raimondi was qualified to give expert opinion concerning the appellees' application. Accordingly, this Court is satisfied that the decision of the Zoning Board qualifying Angelo Raimondi as an expert is supported by substantial evidence.
With regard to Francis J. McCabe's qualifications to testify as an expert, this Court is mindful that "a zoning board is not required to comply strictly with the rules of evidence." Caswellv. George Sherman Sand Gravel Co., 424 A.2d 646, 648 (R.I. 1981). The record indicates that the Zoning Board accepted Mr. McCabe's qualification without discussion since he had apparently appeared before it on another occasion. The Chair specifically stated, "Mr. McCabe is once again recognized as a real estate expert." (Tr. at 8.) The record is devoid of any objections made by the appellant as to McCabe's qualifications. Furthermore, appellant's counsel did not cross-examine Mr. McCabe as to his qualification. Indeed, testimony given by McCabe indicates that his opinions on property values in the district were formed from an impartial and professional perspective. (Tr. at 10-12.) This Court's review of the record indicates that the Zoning Board properly recognized McCabe as an expert in real estate and thus properly relied upon his expert testimony.
Upon review of the entire record in this matter, this Court finds that the decision of the Zoning Board is supported by substantial evidence and was not made upon unlawful procedure. Substantial rights of the appellant have not been prejudiced. Accordingly, this Court affirms the July 11, 1995, decision of the Zoning Board.
Counsel shall submit the appropriate order for entry.