DECISION
This is an appeal of the March 27, 2001 Decision of the Cranston Zoning Board of Review (hereafter "Zoning Board"), which granted Joan C. Levine's (hereafter "Levine") petition for a dimensional variance to convert an existing garage into a one-family structure. Jurisdiction is pursuant to R.I.G.L. 1956 § 45-24-69(d).
On December 26, 1998, Michael Cirillo, Levine's father, transferred his interest in six lots on the corner of Princess and Lookout Avenues in Cranston, formerly designated lots 203, 204, 205, 206, 207, and 208 on the tax assessor's lot for the city of Cranston, to the applicants Joan C. Levine, Edward H. Levine, and Joan C. Levine in her capacity as Trustee of the Elliot, Chester, and Trevor Levine Trusts-1996. Lots 203 through 206 are designated as Lot 1324 for tax purposes. Lot 1324 has a square footage of 8,584 square feet and is improved with a two-family residence, which requires a minimum lot size of 8,000 square feet. Lots 207 and 208 are designated as Lot 2839 and consist of approximately 4,500 square feet. Lot 2839 includes a garage that was illegally converted into a one-bedroom apartment. Subsequent to taking ownership of Lot 2839, Levine was notified by the city of Cranston that the garage had been illegally converted to an apartment that did not meet building code requirements for a residential structure. Levine thereafter instituted eviction proceedings against the tenant in the converted garage, which remained empty for several months.
On February 1, 2001, the applicants filed an application for a dimensional variance for Lot 2839, seeking to convert the existing garage to a one-family structure. On March 14, 2001, the Zoning Board held a hearing, considered the application, and approved the request by a 4 to 1 vote. The appellants then timely filed the instant appeal on April 16, 2001.
The determinative issue before this Court is whether the Zoning Board erred in approving the dimensional variance in the absence of requisite notice to interested parties pursuant to Cranston, Rhode Island Code § 30-42(G).
Written notice of a public hearing on a request for a variance must be sent to all owners of real property within a 200 foot radius of the perimeter of the area of the proposed variance. R.I.G.L. 1956 §45-24-41. A zoning board of review is obliged to give public notice and due notice to all parties in interest. Ryan v. Zoning Board of Review ofNew Shoreham, 656 A.2d 612, 615 (R.I. 1995). Compliance with such notice requirements is a prerequisite to the exercise of the jurisdiction of zoning boards of review. Id. (citing Zeilstra v. Barrington Zoning Boardof Review, 417 A.2d 303, 307 (R.I. 1980)). In addition, the Cranston notice ordinances are stricter and require that written notice be sent to owners of real property within 400 feet of the perimeter of the petition. See Cranston, R.I. Code § 30-42(G).
The notice requirement provides that those having an interest in the proceedings be afforded an opportunity to proffer information relating to the issue before the board. Id. (citing Carroll v. Zoning Board of Reviewof Providence, 104 R.I. 676, 678, 248 A.2d 321, 323 (1968)). Furthermore, adequate and sufficient notice is a requirement of due process in zoning matters. Id. (citing Zeilstra, 417 A.2d at 307;Carroll, 104 R.I. at 679, 248 A.2d at 323) Thus, any action taken by a board that has not satisfied the notice requirements is a nullity. Id.
(citing Corporation Service, Inc. v. Zoning Board of Review of EastGreenwich, 114 R.I. 178, 180, 330 A.2d 402, 404 (1975)). In order to be sufficient, "the notice sent `must be reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected.'" Zeilstra, 417 A.2d at 307 (quotingPaquette v. Zoning Board of Review of West Warwick, 118 R.I. 109, 111,372 A.2d 973, 974 (1977)).
A review of the record of the instant case fails to show that appropriate notice was sent to the property owners as required. Indeed, the file discloses that forty property owners within the 400 foot perimeter of the subject property have signed a statement attesting that they did not receive notice of the hearing. Further, Levine has failed to provide any documentation that notice was properly sent to the interested parties, nor has she produced a copy of the published newspaper notice that is required by § 30-42(G). Absent such notice, the Zoning Board was without authority to consider the application.
Accordingly, the Zoning Board's Decision was made upon unlawful procedure and in violation of statutory and constitutional provisions, and substantial rights of the petitioners have been prejudiced. The March 27, 2001 Decision of the Zoning Board is therefore vacated, and this case is remanded to the Zoning Board for a de novo hearing pursuant to all notice requirements. Counsel shall submit an appropriate judgment for entry.