EDWARD C. TUITE *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WOONSOCKET.

JUNE 21, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Woonsocket wherein the board granted an application for permission to erect an addition to a building used as a home for elderly persons. Pursuant to the writ the respondent board has returned to this court certified copies of the records of the proceedings in this matter.

It appears therefrom that Friendly Home Inc., a Rhode Island corporation, is the owner of lots 83 and 84 on assessor's plat 19 located on Summer street in the city of Woonsocket. A three-story frame dwelling is located thereon, in which the corporation operates a home for elderly persons under a license issued annually by the department of social welfare, a state agency. It is not disputed that the residents are between 68 and 70 years of age and are ambulatory and usually referred there by such department. The home is operated by Irene C. Ryan, who is a registered nurse and the sole stockholder of the corporation. It further appears from the record that of some thirty or more persons who are usually in residence at the home eleven are housed on the third floor thereof.

In November 1961 the department of social welfare withheld issuance of a license to the corporation because of objection, apparently on the part of the fire department, to the continued use of the third floor of the existing building as housing for the residents. The corporation then applied to the building inspector for a permit to erect the addition here under consideration, which was denied.

Thereafter, in January 1962, the instant application was filed with the respondent board. No reference was made therein to a specific exception authorized by the terms of the ordinance, nor does it appear from the language thereof that the corporation was seeking some particular excep-

tion so provided for in the ordinance. The significant language of the application in this respect is that "unless we can get a variation in this case, we will have to decrease our operation with less accommodations than we have now. This would make it almost economically impossible to continue." The application in such circumstances properly should be considered as one in which a variance is sought. *Caldarone* v. *Zoning Board of Review*, 74 R. I. 196. The instant record upon examination is persuasive that the respondent board purported to grant a variance.

The petitioners contend that the board was without jurisdiction by reason of its failure to comply with the statutory provisions concerning notice. They rely upon the provisions of §45-24-18 of the enabling act wherein it is provided in pertinent part that "The board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time."

This contention appears to be based upon an assumption that the owners of land within a prescribed area were parties in interest and did not receive the due notice that such parties are entitled to pursuant to the statute. The assumption that these landowners were parties in interest within the purview of the act is not warranted by the record here. It appears therefrom that an advertisement of the pendency of the hearing was published in a daily newspaper circulated in the city of Woonsocket. It is our opinion that this publication was constructive notice of the pendency of the hearing and sufficient compliance with the requirements of the statute for such public notice. *Mello* v. *Board of Review*, 94 R. I. 43, 50, 177 A.2d 533, 536. This contention is therefore without merit.

After the hearing the board granted the application subject to a limitation as to the dimensions of the addition to be erected thereunder. In so doing the board said: "In

granting this application, the Board took cognizance of the fact that the Fire Department, in order to enforce safety regulations, has required that the applicant remove eleven patients from the third floor of this building. *Reasons for granting*. Would not be detrimental to the neighborhood since the Home for the Elderly is already in existence." Clearly implicit in this decision of the board is its finding that the use being made of the building is a nonconforming use and its finding that the applicant had established the hardship contemplated by the statute, G. L. 1956, §45-24-19 (c), as a ground for granting the variance.

It is our opinion that the board properly considered the corporation's use of the instant premises as a nonconforming use that was continued by the operation of the provisions of sec. 12.2 of the ordinance of 1960. The contention of petitioners that sec. 12.2 has no application because the use of the premises by the applicant corporation was not lawful at the time of the enactment of that ordinance is without merit. It is contended on behalf of the respondent board that it had jurisdiction to grant a variance from the literal application of the terms of the ordinance upon a showing of unnecessary hardship where the pertinent terms of the ordinance relate to nonconforming uses. In the instant case sec. 4.71 of the ordinance provides: "No building or use which is nonconforming shall hereafter be remodeled or expanded in size or in scope of operation." We are of the opinion that upon a showing that unnecessary hardship would result from a literal enforcement of this provision of the ordinance, the respondent board would have authority to grant a variance thereto pursuant to the power conferred in §45-24-19 (c) of the enabling act.

An exercise, however, of the power to grant a variance requires a showing on the part of the landowner that a literal application of an ordinance provision will deprive him of all beneficial use of his property. *Berard* v. *Zoning Board of Review*, 87 R. I. 244. We perceive nothing in the

board's decision in the instant case significant of a finding that an application of the ordinance provision in this case would operate so as to deprive the applicant of all beneficial use of the property. It appears rather from the record that the board found that hardship resulted from the insistence of the fire department that the applicant discontinue the use of the third floor of the present premises for housing the residents. Upon an examination of the whole record, we are unable to conclude that in this case the board was not finding a hardship other than that contemplated in the enabling act.

In other words, we hold that the board was without authority to grant the variance on the ground that the refusal of the fire department to permit a continued use of the third floor of the premises for residence purposes constitutes unnecessary hardship. We are unable to conclude, however, that it did not act on its belief that it had such authority. In the circumstances the ends of justice will best be served by returning the case to the board for its determination as to whether a literal application of the provisions of sec. 4.71 of the ordinance prohibiting remodeling or expansion of a nonconforming use results in the unnecessary hardship contemplated by the provisions of §45-24-19 (c).

The petition for certiorari is granted, the record of the decision granting the application for a variance is quashed, and the records certified are ordered sent back with instructions to the board to reconsider such application in accordance with this opinion, reserving to the board the right to hear further evidence if it so desires.

*Irving I. Zimmerman,* for petitioners.

*Louis M. Macktaz, Janice A. Fournier,* for respondent.