DECISION
Before this Court is an appeal from a decision of the Cranston Zoning Board of Review (the "Zoning Board"), sitting in its appellate capacity as the Cranston Platting Board of Review pursuant to G.L. 1956 §§45-23-32(3); 45-23-66 to 45-23-70; and the Cranston City Charter § 13.06. The Zoning Board affirmed the Cranston Planning Commission's (the "Planning Commission") preliminary subdivision approval for property in the City of Cranston. Jurisdiction is pursuant to G.L. 1956 § 45-23-71.
 FACTS/TRAVEL
Although the initial facts of this case are as found in DiZoglio v.Colella, C.A. 98-5132, June 1, 2000, Vogel, J., this Court will briefly recount the pertinent events leading up to the present appeal. Mr. Raymond Colella ("Colella") was the owner of a parcel of land in the City of Cranston known as Assessor's Plat 21, Lot No. 29 and Assessor's Plat 22, Lot No's 220, 228, 229, 230, 231, 233, 234, and also known as the Glenham Park Subdivision ("Glenham Park" or the "Property"). Beginning in 1996, Colella sought approval from the Planning Commission to subdivide it into smaller residential lots, while almost from the outset, Mr. Angelo Palazzo, as well as several other abutting landowners (individually known as "Palazzo" and collectively known as "appellants"), have opposed the project.
In November 1997, Colella applied to the Planning Commission for preliminary subdivision plat approval, and on January 6, 1998, the Planning Commission held the first of several public hearings on that matter.[1] Throughout the course of these hearings, Colella presented the Board with data from DiPrete Engineering Company ("DiPrete"), which apparently indicated that the proposed development would not adversely affect the surrounding area. On April 13, 1998, the Planning Commission held the last of its public hearings with respect to Glenham Park and apparently considered the findings of DiPrete's report along with a report compiled by Vanassee, Hangen, Bruslin Inc., ("VHB") at Palazzo's request. Additionally, the Planning Commission had before it a letter addressed to it from Cranston Chief Engineer Nicholas Capezza ("Capezza"), recommending approval of the preliminary subdivision approval. Finally, the Planning Commission heard testimony from counsel representing Colella, promoting the project, as well as testimony from counsel representing Palazzo, objecting to the project. After hearing all the testimony, the Planning Commission unanimously voted to approve the preliminary subdivision approval for Glenham Park.
On May 1, 1998, Palazzo, pursuant to G.L. 1956 §§ 45-23-32(3),45-23-66 to 45-23-70, and the Cranston City Charter § 13.06, appealed the Planning Commission's decision to the Zoning Board. On July 2, 1998, the Zoning Board held a public hearing, which was continued until September 9, 1998. On September 21, 1998, the Zoning Board voted unanimously to affirm the decision of the Planning Commission.
On October 13, 1998, Palazzo, pursuant to G.L. 1956 § 45-23-71, timely appealed the Zoning Board's decision to the Superior Court. On June 1, 2000, the Court, in DiZoglio v. Colella, C.A. 98-5132, June 1, 2000, Vogel, J., remanded the case to the Zoning Board for further proceedings, finding that it failed to set out supporting grounds for its decision on the record. The Court instructed the Zoning Board to conduct a more thorough review of the record evidence before it and also to examine whether a proper voting quorum of Planning Commission's members existed as of the April 13, 1998 hearing and if adequate notice of the appeal to the Zoning Board had been provided to all interested parties.
On August 9, 2000, the Zoning Board held a public hearing to reconsider the issues presented before it on remand, and this hearing was subsequently continued to September 13, 2000. When the Zoning Board met on September 13, 2000, its members voted, once again, to continue the hearing until January 10, 2001 so that a recently added Zoning Board member, Mr. Frank Corrao ("Corrao"), could review the record evidence up to that point before voting on the matter.[2]
On February 22, 2001, the Zoning Board filed its final written decision affirming the Planning Commission's April 13, 1998 decision. On March 2, 2001, the appellant timely appealed the Zoning Board's January 10, 2001 decision to this Court pursuant to G.L. 1956 § 45-23-71.
 STANDARD OF REVIEW
General Laws 1956, section 45-23-71 reads in pertinent part that
 "(a) An aggrieved party may appeal a decision of the board of appeal, to the superior court for the county in which the municipality is situated . . .
 (b) The review shall be conducted by the superior court without a jury. The court shall consider the record of the hearing before the planning board and, if it appear (sic) to the court that additional evidence is necessary for the proper disposition of the matter, it may allow any party to the appeal to present evidence in open court, which evidence, along with the report, shall constitute the record upon which the determination of the court shall be made.
 (c) The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or may remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 § 45-23-71.
It is well-recognized in Rhode Island that municipalities may confer upon a local zoning board appellate review authority over a decision of a local planning board. See Munroe v. Town of East Greenwich, 733 A.2d 703
(R.I. 1999) Essentially, the reviewing court gives deference to the decision of the zoning board, the members of which are presumed to have special knowledge of the rules related to the administration of zoning ordinances, and the decision of which must be supported by legally competent evidence. Monforte v. Zoning Bd. of Review of East Providence,93 R.I. 447, 449, 176 A.2d 726, 728 (1962); see, Arnold v. R.I. Dept. ofLabor and Training, No. 01-237 MP., slip op. (R.I. filed March 26, 2003) (defining legally competent evidence as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance"). Thus, a court should exercise restraint in substituting its judgment for that of the zoning board and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). It is only if the record is "completely bereft of competent evidentiary support" that a board of appeal's decision may be reversed. Sartor v. Coastal Resources Management Councilof Rhode Island, 434 A.2d 266, 272 (R.I. 1981).
 NOTICE OF HEARING
The appellants maintain that the Zoning Board did not provide interested parties with adequate notice of the September 9, 1998 hearing. General Laws 1956, § 45-23-69, provides that "[t]he board of appeal shall hold a public hearing on the appeal within forty-five (45) days of the receipt of the appeal, give public notice of the hearing, as well as due notice to the parties of interest." G.L. 1956 § 45-23-69. It is well-accepted that "[i]n zoning matters, just as in other legal proceedings, notice is a jurisdictional prerequisite. It is purposed upon affording those having an interest an opportunity to present facts which might shed light on the issue before the board . . . ." Carroll v. ZoningBd. of Review, 104 R.I. 676, 248 A.2d 321, 323 (1968). To be sufficient, "the notice sent `must be reasonably calculated, in light of all the circumstances, to appraise the interested parties of the pendency of the action . . . ." Zeilstra v. Zoning Bd. of Review, 417 A.2d 303, 307 (R.I. 1980). One way that this may be accomplished is by publication in a local newspaper of general circulation. Tuite v. Zoning Bd. of Review,95 R.I. 12, 182 A.2d 311 (1962); see also Tantimonaco v. Zoning Bd. ofReview, 100 R.I. 615, 218 A.2d 480 (1966). It has also been said that the presence at a zoning board hearing of the party challenging the sufficiency of the notice given indicates that the zoning board provided adequate notice of the proceedings. Zeilstra, 417 A.2d at 307.
In this case, the Zoning Board has certified substantial evidence that it did comply with the jurisdictionally mandated notice requirements of G.L. 1956 § 45-23-69. Specifically, the Zoning Board has provided this Court with substantial evidence in the form of a list and map indicating that notice was sent via regular mail to abutting landowners within four-hundred (400) feet of Glenham Park. The record also reflects that counsel for the appellants attended the September 9, 1998 Zoning Board Hearings. The Zoning Board's finding that it provided adequate notice to all interested parties of the pendency of the September 9, 1998 hearing is supported by the reliable, probative and substantial evidence of the whole record.
 THE ADEQUACY OF THE CERTIFIED RECORD
The appellants argue, inter alia, that there were numerous procedural defects at the Zoning Board's hearings of August 9, 2000, September 13, 2000, and January 10, 2001, which prejudiced their (the appellants') rights. Principally, the appellants argue, the Zoning Board did not adequately review the record of the Planning Commission pursuant to its statutory mandate for procedural or conclusory defects, and therefore, the Zoning Board's decision to uphold the Planning Commission was arbitrary or capricious or characterized by an abuse of discretion.
 General Laws 1956, section 45-23-66 states in relevant portion that
 "(a) Local regulations adopted pursuant to this chapter shall provide that an appeal from any decision of the planning board . . . may be taken to the board of appeal by an aggrieved party.
 (b) Local regulations adopted pursuant to this chapter shall provide that an appeal from a decision of the board of appeal may be taken by an aggrieved party to the superior court for the county in which the municipality is situated." G.L. 1956 § 45-23-66.
General Laws 1956, § 45-23-32(3) defines the "board of appeal," in relevant part, as "[t]he local review authority for appeals of actions of the . . . planning board on matters of land development or subdivision, which shall be the local zoning board of review constituted as the board of appeal." G.L. 1956 § 45-23-32(3). Similarly, the Cranston City Charter, section 13.06, states in relevant portion that "[a]ppeals may be taken from the decision of the city plan commission to the zoning board of review hereby designated as the platting board of review. The zoning board of review shall have power to sustain, overrule or modify the decision of the city plan commission appealed from . . . ." Cranston CityCharter, § 13.06; see generally Munroe, 733 A.2d at 703.
When hearing appeals from the Planning Commission, G.L. 1956 §45-23-70 provides in pertinent part that
 "(a) . . . the board of appeal shall not substitute its own judgment for that of the planning board . . . but must consider the issue upon the findings and record of the planning board . . . . The board of appeal shall not reverse a decision of the planning board . . . except on a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record.
 (b) The concurring vote of three (3) of the five (5) members of the board of appeal sitting at a hearing, is necessary to reverse any decision of the planning board . . . .
 ***
 (d) The board of appeal shall keep complete records of all proceedings including a record of all votes taken, and shall put all decisions on appeals in writing. The board of appeal shall include in the written record the reasons for each decision." G.L. 1956 § 45-23-70.
With respect to the findings required of planning boards, G.L. 1956 §45-23-60 provides in relevant portion that
 "[a]ll local regulations require that for all administrative, minor and major development applications the approving authorities responsible for land development and subdivision review and approval shall address each of the general purposes stated in § 45-23-30 and make positive findings on the following standard provisions, as part of the proposed project's record prior to approval:
 (1) The proposed development is consistent with the comprehensive community plan and/or has satisfactorily addressed the issues where there may be inconsistencies;
 (2) The proposed development is in compliance with the standards and provisions of the municipality's zoning ordinance;
 (3) There will be no significant negative environmental impacts from the proposed development as shown on the final plan, with all required conditions for approval;
 (4) The subdivision, as proposed, will not result in the creation of individual lots with any physical constraints to development that building on those lots according to pertinent regulations and building standards would be impracticable . . . .
 (5) All proposed land developments and all subdivision lots have adequate and permanent physical access to a public street. Lot frontage on a public street without physical access shall not be considered in compliance with this requirement." G.L. 1956 § 45-23-60. (Emphasis added.)
In its decision of February 22, 2001, the Zoning Board found that "the [Planning] Commission's ruling did not violate the applicable statute and ordinances and . . . their decision was not erroneous in view of the substantial and probative facts in the record before it . . . ." ZoningBoard Decision at 3. In arriving at its conclusion, the Zoning Board stated that "the [Zoning] Board looked at the record to determine whether the [Planning] Commission made the required findings set forth in R.I.G.L § 45-23-60 . . . ." Id at 2. Nevertheless, the record is bereft of any evidence that the Planning Commission specifically considered the factors enunciated in G.L. 1956 § 45-23-60 when it approved the preliminary subdivision plan for Glenham Park. Specifically, the certified record reveals only that the Planning Commission heard testimony from several interested parties, both for and against the proposal, and that the Planning Commission had before it both the DiPrete and VHB reports as well as a letter from Capezza recommending subdivision approval. SeePlanning Commission Minutes, April 13, 1998 at 3-6. The record does not, however, indicate what positive findings the Planning Commission made or whether the evidence presented satisfied the requirements of G.L. 1956 § 45-23-60. Essentially, the Planning Commission issued a boilerplate decision indicating that its members unanimously approved the preliminary subdivision application for Glenham Park subject to several limiting conditions. Notice of Decision at 1-2; see vonBernuth v. Zoning Bd. ofReview, 770 A.2d 396 (R.I. 2001) (a zoning board's application of legal principles must amount to something more than the recital of a mere litany). This Court can only speculate as to how the Zoning Board found,inter alia, that the Planning Commission "did not violate the applicable statute and ordinances," and that it (the Planning Commission) properly discharged its statutory duties.
The record is also bereft of any evidence that the Zoning Board held a public hearing, pursuant to the requirements of G.L. 1956 § 45-23-69, on January 10, 2001 with respect to the instant matter on remand from this Court. Since the Zoning Board has not certified to this court the record of the allegedly held January 10, 2001 hearing, there is no substantial evidence of record demonstrating that Zoning Board member Corrao ever reviewed the record of the proceedings prior to January 10, 2001. Irish Partnership v. Rommel, 518 A.2d 356 (R.I. 1986) (zoning board members must make adequate findings of fact on the record otherwise, proper judicial review is impossible); see also von Bernuth v. Zoning Bd.of Review, 770 A.2d 396 (R.I. 2001). Additionally, because the record of the alleged January 10, 2001 hearing is absent from the certified record, there is no substantial evidence of record indicating how the remaining Zoning Board members voted and whether any evidentiary conflicts were resolved. Id. (holding that a "court will not search the record for supporting evidence or decide for itself what is proper in the circumstances"); see also von Bernuth, 770 A.2d at 401.
Since the Zoning Board's decision was in violation of ordinance and statutory provisions regarding the Planning Commission's findings, this Court need not reach the appellants' other arguments or whether the Planning Commission attained a proper quorum.
 CONCLUSION
As there is no substantial evidence of record to indicate that the Planning Commission made the requisite findings on the record, after remand, consistent with the requirements of G.L. 1956 § 45-23-60, or whether the Zoning Board held the required January 10, 2001 hearing before recording its February 22, 2001 decision, the Zoning Board's decision upholding the Planning Commission's preliminary subdivision approval for Glenham Park was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. See von Bernuth,
770 A.2d at 402 ("court will not search the record for supporting evidence or decide for itself what is proper in the circumstances" (quoting Irish Partnership, 518 A.2d at 359)). Substantial rights of the appellant have been prejudiced by the Zoning Board's decision. This Court hereby remands to the Zoning Board its February 22, 2001 decision with instructions to further remand the matter to the Planning Commission to make findings of fact on the record regarding the propriety of preliminary subdivision approval for Glenham Park. This Court shall retain jurisdiction.
Counsel shall prepare the appropriate order for entry.
[1] The Planning Commission repeatedly postponed the hearings to allow Palazzo sufficient time to present data which would purportedly demonstrate the harmful effects to his property from water runoff should the Glenham Park subdivision application be approved.
[2] The record of the allegedly held January 10, 2001 hearing, however, was not certified to this Court. See discussion infra pp. 9-10.