DECISION
Before this Court is an appeal from a decision of the Warren Zoning Board of Review ("Board of Appeals" or "Board"), sitting in its appellate capacity as a planning and subdivision board of appeals pursuant to G.L. 1956 §§ 45-23-66 to 45-23-70 and Warren Town Code § 19-31. Seealso G.L. 1956 §§ 45-23-32(3), 45-23-57. On the basis of a defective appellate application, the Board of Appeals rejected an appeal from the Warren Planning Board's approval of a minor subdivision. Jurisdiction is pursuant to § 45-23-71 of the Rhode Island General Laws.
At a meeting on January 28, 2002, the Warren Planning Board considered a petition for a minor subdivision. William D. Frost ("Frost"), who abuts the subject property, objected to the subdivision. The Warren Planning Board nevertheless approved the petition. On January 31, 2002, Frost appealed this decision to the Board of Appeals pursuant to §§ 45-23-66
to 45-23-70 of the Rhode Island General Laws.
Following Frost's request for appeal, the administrative officer for the Warren Building Official notified Frost of additional steps necessary to perfect his appeal. In a letter dated February 8, 2002, the administrative officer informed Frost that he must provide a radius map showing abutters within 200 feet of the subject property and furnish the name, address, and lot numbers of these owners ("Notice Materials").[1]
As a basis of these requirements, the administrative officer cited "Article 1, Section 9" of the Warren Planning Board Regulations and "Article 3" of the Warren Zoning Ordinance. The administrative officer forwarded a second letter detailing these requirements to Frost on March 1, 2002. Frost filed the radius map but did not provide a list of the names and addresses of property owners within the 200-foot radius.
The Board of Appeals placed Frost's appeal on the agenda and considered the case prior to the start of the monthly meeting on April 17, 2002. The Town Solicitor made a preliminary statement, recommending that the appeal should be denied and dismissed. According to the Solicitor, Frost's application was untimely and incomplete because he did not timely provide a list of abutters as required by the notice provisions of the Warren Planning Board Regulations and the Warren Zoning Ordinance.[2] The Town Solicitor therefore concluded that "neighbors had not been notified that the appeal would be heard tonight."
Frost objected to providing a list of abutters, contending that no such requirements exist. Frost maintained that the local zoning ordinance, not the superceding state statute pertaining to the subdivision of land, required the Notice Materials. In the alternative, Frost requested a continuance in order to file the requisite list. The Board of Appeals, however, voted to deny and dismiss Frost's appeal due to the incomplete application. The Board did not reach the merits of Frost's appeal.
On May 22, 2002, the Board of Appeals filed and posted its decision. The decision indicates it rejected Frost's appeal as incomplete because he failed to provide the list of abutters required by "Article III, Sec. 32-19(C)" and "Article III, [Sec.] 32-20."[3] On June 10, 2002, Frost timely appealed the Board's decision to this Court pursuant to G.L. 1956 § 45-23-71.
Frost's primary argument is that the subdivision statute and ordinances do not require him to file the Notice Materials with his application, and that the Board erred by applying zoning law to his case. The Board of Appeals counters, arguing that the subdivision statute requires notice, and its practice and custom is to require applicants to file the same Notice Materials as applicants appealing zoning decisions. The Board's rationale is that it has interpreted the notice mandate under subdivision law to demand notice identical to that of zoning law and that its interpretation is entitled to deference. Therefore, at issue is whether the Board's decision was affected by error of law when it (I) interpreted the subdivision's notice provision as mandating the same notice requirements as zoning law, and (II) applied the law of a zoning board of review for its appellate application requirements.
 STANDARD OF REVIEW
Regarding judicial review of a planning board of appeals decision, § 45-23-71(c) of the Rhode Island General Laws provides that:
 "The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The statute authorizes the Court to review a board of appeals decision under the traditional judicial review standard applied in administrative agency appeals. Munroe v. Town of East Greenwich, 733 A.2d 703, 705 (R.I. 1999). Therefore, the Superior Court justice does not weigh evidence and the credibility of witnesses as to questions of fact. Centerfor Behavioral Health v. Barros, 710 A.2d 680, 684 (R.I. 1998); MineSafety Appliances Co. v. Berry, 620 A.2d 1255, 1259 (R.I. 1993). Rather, this Court's "review is confined to a search of the record to ascertain whether the board's decision rests upon competent evidence or is affected by error of law." Munroe v. Town of East Greenwich, 733 A.2d 703, 705 (R.I. 1999) (internal quotes and citations omitted).
When the board's decision is based upon a question of law, the Court reviews those findings de novo. Johnston Ambulatory Surgical Associates,Ltd. v. Nolan, 755 A.2d 799, 805 (R.I. 2000). That is, questions of law are not binding and may be reviewed to determine what the law is and its applicability to the facts. See Narragansett Wire Co. v. Norberg,118 R.I. 596, 607, 376 A.2d 1, 6 (1977); see also Levine v. Bess EatonDonut Flour Co., 705 A.2d 980, 982 (R.I. 1998) (statutory interpretation is a question of law that is reviewed de novo). The Rhode Island Supreme Court, however, voices one caveat to this general rule: a court should give deference to an agency's interpretation of a statute "that it has been charged with administering and enforcing, provided that the agency's construction is neither clearly erroneous nor unauthorized." Arnold v.R.I. Dept. of Labor and Training Bd. of Review, 822 A.2d 164, 169 (R.I. 2003); see also Pawtucket Power Associates Limited Partnership v. City ofPawtucket, 622 A.2d 452, 456-57 (R.I. 1993) (deferring to an agency's interpretation of a statute it administers "even when the agency's interpretation is not the only permissible interpretation that could be applied"). Deference to an agency interpretation should not slip into judicial inertia and rise to the level of blind allegiance, however. NLRBv. Brown, 380 U.S. 278, 291-292, 85 S.Ct. 980, 988, 13 L.Ed. 839, 849 (1965); Citizens Savings Bank v. Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). "Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the [legislative] policy underlying a statute." NLRB v. Brown, 380 U.S. at 291, 85 S.Ct. at 988, 13 L.Ed. at 849.
 I. SUBDIVISION NOTICE MANDATE No Explicit Requirement for Notice Materials
Subdivision law — at least as it exists in the Town of Warren — does not expressly require the disputed Notice Materials. The operative chapter of the Rhode Island General Laws is the Rhode Island Development and Subdivision Review Enabling Act ("Subdivision Act"), G.L. 1956 §§ 45-23-25 to 45-23-74. Local regulations pursuant to the Subdivision Act are set forth in the Warren Planning Board Rules and Regulations ("Warren Planning Rules"). An examination of both the Act and the Rules reveals no such requirement. The pertinent sections of the Subdivision Act and the Warren Planning Rules merely require the Board to "give public notice" and "due notice to the parties of interest." G.L. 1956 § 45-23-69; Warren Planning Rules, Art. 1, § I-9.
Despite this lack of express provisions, a closer look is necessary in order to determine if the Board of Appeals exceeded the bounds of its deference and erred by interpreting the provisions to impose the contested requirements. There is no express legislative intent to form a nexus between subdivision notice requirements and zoning law notice requirements. Accordingly, it is necessary to ascertain the intent, policy, and purpose of the notice provisions, as this Court will not "interpret a statute to include a matter omitted unless the clear purpose of the legislation would fail without the implication." Wehr, Inc. v.Truex, 700 A.2d 1085, 1088 (R.I. 1997); see Simeone v. Charron,762 A.2d 442, 448-49 (R.I. 2000) (refusing to broaden statutory provisions by judicial interpretation "unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute"); State v. Burke, 811 A.2d 1158, 1167 (R.I. 2002) (in interpreting legislative enactment, the Court must effectuate the Legislature's intent and attribute a meaning most consistent with its policies and purposes). In the present case, the legislative intent and purpose are evidenced by (1) examining the history and due process concerns of notice in zoning and subdivision law, and (2) comparing the zoning notice provision with the subdivision notice provision, along with their respective amendments.
 History and Purpose of Notice
The Board of Appeals required Frost to provide a radius map showing abutters within 200 feet of the subject property and furnish the name, address, and lot numbers of these owners. Presumably, the Board of Appeals would use these documents to provide notice of the hearing to these property owners. "In zoning matters, just as in other legal proceedings, notice is a jurisdictional prerequisite. It is purposed upon affording those having an interest and opportunity to present facts which might shed light on the issue before the board. . . ." Carroll v. ZoningBd. of Review, 104 R.I. 676, 679, 248 A.2d 321, 323 (1968). It is well established that
 "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance. . . ." Ziegler, Rathkopf's The Law of Zoning and Planning § 57:48, at 57-86 n. 3 (2001) (citing the United States Supreme Court cases).
The Rhode Island Supreme Court has similarly held that in order to be sufficient, the notice sent "must be reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected." Zeilstra v. Barrington Zoning Bd. ofReview, 417 A.2d 303, 307 (R.I. 1980); Paquette v. Zoning Bd. of Reviewof West Warwick, 118 R.I. 109, 111, 372 A.2d 973, 974 (1977).
Under this standard, which was prior to the 1994 revision of the Zoning Enabling Act,[4] constructive notice by publication in a newspaper satisfied the notice requirements for zoning and variance hearings.D'Agostino v. Doorley, 118 R.I. 700, 707-08, 375 A.2d 948, 951-52 (1977); see, e.g., Tuite v. Zoning Bd. of Review of Woonsocket, 95 R.I. 12,182 A.2d 311 (1962); Mello v. Bd. of Review of Newport, 94 R.I. 43,177 A.2d 533 (1962); Carroll, 104 R.I. at 678-79, 248 A.2d at 323. Constructive notice, however, was not always enough; actual personal notice was required to be given "to a person whose name and address are known or very easily ascertainable and whose legally protected interest are directly affected by the proceedings in question." D'Agostino, 118 R.I. at 708, 375 A.2d at 952 (quoting Schroeder v. City of New York,371 U.S. 208, 212-13, 83 So. Ct. 279, 282, 9 L.Ed.2d 255, 259 (1962)). This type of due process has no mechanical rule, and the Court had refused to declare either personal notice or constructive notice as acceptable in every situation. D'Agostino, 118 R.I. at 707-08, 375 A.2d at 952.
Of course, the above is a minimum constitutional standard where there are no specifically legislated notice requirements. For example, some jurisdictions' enabling acts provide that public notice for hearings merely require publication of notice in a newspaper and that parties directly concerned — such as the applicant, the official whose determination is appealed, and a neighbor who has filed an objection — be given notice by mail. Ziegler, Rathkopf's The Law of Zoningand Planning § 57:53, at 57-91 n. 1 (2001). Other enabling acts require notice by mail to be given to property owners within a specified distance of the subject property. Id. § 57:53, at 57-91 to 57-92.
Historically, Rhode Island zoning and subdivision statutes required "public notice," as well as "due notice to the parties in interest."[5]
The statutes did not further define the requisite notice. In many instances, however, local ordinances supplied greater specificity, such as requiring actual personal notice sent by mail to landowners within a certain distance of the property in question. E.g., Haronian v. ZoningBd. of Review of Smithfield, No. 93-4364, 1995 R.I. Super. LEXIS 66, at *8 (Jan. 24, 1995) (Smithfield ordinance requires direct notice to property owners within 200 feet of the subject property); Voll v. ZoningBd. of Review of East Providence, No. 88-3810, 1991 R.I. Super. LEXIS 209, at *1 (March 20, 1991) (East Providence Zoning Ordinance requires abutting landowners within 200 feet of subject property to receive actual notice by mail); Whitelaw v. Zoning Bd. of Review of Cranston, No. 84-2729, 1985 R.I. Super. LEXIS 236, at *4 (Nov. 13, 1989) (Cranston City Code requires written notice to all owners within 400 feet).
While some regulations may specifically require applicants to file a radius map, submit a list of nearby property owners, and mail notice to some property owners, enabling acts "speak[ing] of notice in general terms . . . [have] been construed as requiring merely notice by publication." Ziegler, Rathkopf's The Law of Zoning and Planning § 57:48, at 57-86 (2001). Our Supreme Court has "held that publication in a newspaper without personal notice to landowners within a prescribed area satisfied the notice requirements. . . ." Corrado v. ProvidenceRedevelopment Agency, 105 R.I. 470, 482 n. 1, 252 A.2d 920, 927 n. 1 (1969) (citing Tuite v. Zoning Board of Review of Woonsocket, 95 R.I. 12,182 A.2d 311 (1962)). The Tuite Court found that landowners within a prescribed area were not necessarily parties in interest and entitled to due notice. Tuite, 95 R.I. at 14, 182 A.2d at 313.
 Zoning and Subdivision Provisions: Comparison and Amendments
Prior to their revisions, the zoning notice provision (45-24-18) and the subdivision notice provision (45-23-17) were nearly identical. The notice mandate in both sections only required "public notice" as well as "due notice to the parties in interest."[6] The statutes did not further define these requirements, requirements in local ordinances varied, and the Court did not articulate a mechanical rule.
Regarding zoning notice, the General Assembly settled many uncertainties when it rewrote the Zoning Act, which became effective December 31, 1994. See P.L. 1991, ch. 307, § 1 (amended 1993, 1994). Among other things, the Legislature strengthened the notice mandate by repealing the vague notice provisions and specifying who was entitled to receive personal notice. Under the modern provision, notice of appeals before a zoning board of review must be sent by first class mail to all owners of real property within 200 feet of the subject property.[7]
G.L. 1956 § 45-24-66; G.L. 1956 § 45-24-53. Pursuant to these sections, the Warren Zoning Ordinance requires applicants filing appeals with the zoning board of review to furnish it with a list of abutters and property owners within 200 feet of the property involved. Warren Zoning Ordinance, Art. III, §§ 32-19(C) and 32-20.
The General Assembly, however, did not include these specifications in its revision of the Subdivision Act, despite that it rewrote the section after its zoning law counterpart. Effective on December 31, 1995, section45-23-69 replaced section 45-23-17. Still, it merely requires "public notice" of the board of appeal hearing, as well as "due notice to the parties of interest." Additionally, the applicable section of the Warren Planning Rules merely reiterates this language; it does not impose the requirements in which the Board used to dismiss Frost's appeal. See
Warren Planning Rules, Art. 1, § I-9.
 Erroneous Interpretation
Based on the above, this Court finds that the Board of Appeals acted in excess of its authority and in violation of statutory and ordinance provisions when it interpreted the Subdivision Act to impose requirements identical to those under zoning law. The subdivision notice provision would not fail absent such a construction because due process does not require the notice mandated under the zoning provision. See supra, Wehr,Inc. v. Truex (refusing to implicate matter omitted from statute unless purpose of legislation would otherwise fail); Corrado v. ProvidenceRedevelopment Agency (constructive notice in newspaper without personal notice to landowners within prescribed area held sufficient). No mechanical notice rule exists, and personal notice is not necessarily required, even for property owners within a certain radius. Additionally, the Board of Appeals' construction is not necessary to effectuate the legislative intent. The Legislature did not require the Notice Materials in its revision of the subdivision statute, even after it specified such requirements for zoning law. See supra. Therefore, had the Legislature so intended, it had ample opportunity to prescribe the contested requirements under the Subdivision Act. This Court "is not `entitled to write into the statute certain provisions of policy which the legislature might have provided but has seen fit to omit. If a change in that respect is desirable, it is for the legislature and not for the court.'" Simeone v. Charron, 762 A.2d 442, 448 (R.I. 2000) (quoting Elderv. Elder, 84 R.I. 13, 22, 120 A.2d 815, 820 (1956)). The Warren Town Council and Planning Board are free to duly adopt, modify, and amend the applicable rules and regulations in order to impose the requirements the Board belabored to find.
 II. SEPARATE CAPACITIES
Above, this Court found that subdivision law does not mandate the same notice as zoning law or otherwise permit the Board of Appeals to construe such a requirement. Nonetheless, it is still necessary to determine if the Board of Appeals, sitting in its appellate capacity over planning and subdivision cases, erred by applying the law of its counterpart, the Warren Zoning Board of Review, for its appellate application requirements.
The May 22, 2002 decision of the Board indicates it rejected Frost's appeal on the basis of his failure to provide Notice Materials required by "Article III, Sec. 32-19(C)" and "Article III, [Sec.] 32-20." These articles and sections are part of the Warren Zoning Ordinance and pertain to applications for appeals to the Zoning Board of Review from decisions of the Zoning Officer, pursuant to the Rhode Island Zoning Enabling Act ("Zoning Act"), G.L. 1956 §§ 45-24-27 to 45-24-72. These provisions do not govern appeals to the Board of Appeals from decisions of the Warren Planning Board. The Board of Appeals possesses its own regulations, entitled "Planning Board Rules and Regulations," that are adopted pursuant to the Rhode Island Development and Subdivision Review Enabling Act ("Subdivision Act"), G.L. 1956 §§ 45-23-25 to 45-23-74.
While it is true that the Warren Zoning Board of Review sits in an appellate capacity over both zoning and subdivision cases, it sits in each capacity on separate occasions, however. On the one hand, pursuant to the Zoning Act, the Warren Zoning Board of Review hears and decides zoning cases. See G.L. 1956 §§ 45-24-56 (requiring creation of zoning board of review), 45-24-57 (outlining powers and duties of board of review). On the other hand, under the Subdivision Act, the Warren Zoning Board of Review sits as a board of appeals over planning and subdivision matters.See G.L. 1956 §§ 45-23-32(3) (defining "board of appeal"), 45-23-57
(requiring town council to establish zoning board of review as the board of appeals for planning and subdivision).[8]
It is clear that the Warren Zoning Board of Review cannot co-mingle its duties as a zoning board of review with its duties as a planning board of appeals. For instance, the Warren Zoning Board of Review sits in each capacity pursuant to separate chapters of the General Laws and is further governed by local regulations enacted in accordance with its respective enabling act. Additionally, in § 45-23-69(c), the Legislature indicates its intent for a board of review to keep its dual roles distinct. Here, the General Assembly permits a board of appeals to hold meetings on the same date and at the same place as the zoning board of review, but it is required to hold a separate meeting and maintain separate minutes and records. G.L. 1956 § 45-23-69(c).
Moreover, our Supreme Court has found that boards of review acting on zoning matters pursuant to the Zoning Act have no authority and exceed their jurisdiction when attempting to exercise jurisdiction over subdivision matters. Noonan v. Zoning Board of Review of Barrington,90 R.I. 466, 470, 159 A.2d 606, 608 (1960). The Noonan Court reasoned that authority conferred upon boards of review is limited in scope to that expressly conferred by the statute and that no provisions provide the zoning board with authority over subdivision cases. Noonan, 90 R.I. at 471, 159 A.2d at 608. As a result of such a jurisdictional divide, a planning board of appeals cannot apply zoning law to subdivision cases and vise versa.
Similarly, there is no provision in either of the enabling acts or either of the local regulations that permits a planning board of appeals to utilize regulations pertaining to a zoning board of review. See id.
(holding authority of boards of review is limited in scope to that expressly conferred by the enabling act). "Zoning boards are creatures of statute; hence they possess only the powers, rights, duties, or responsibilities conferred upon them by the Legislature." Zeilstra v.Barrington Zoning Bd. of Review, 417 A.2d 303, 309 (R.I. 1980). Consequently, the Warren Zoning Board of Review/Board of Appeals must keep its identities distinct, and when sitting as a planning board of appeals, it cannot apply the law of its counterpart.
 CONCLUSION
After reviewing the record, this Court finds that the Board of Appeals erroneously interpreted that the subdivision notice provision mandates the same notice requirements as zoning law. As a result, the applicable subdivision law did not require Frost to file the disputed Notice Materials with his application to the Board of Appeals. Further, the Board of Appeals had no authority to apply zoning appeal requirements to subdivision appeals. Consequently, the Board of Appeal's decision to reject Frost's appellate application is affected by error of law. Substantial rights of the appellant, Mr. Frost, have been prejudiced by the Board's erroneous conclusions of law. The Board's decision is hereby reversed and remanded to the Warren Zoning Board of Review, in its capacity as a board of appeals pursuant to G.L. 1956 §§ 45-23-25 to45-23-74, with instructions to hear Mr. Frost's appeal after notice consistent with the directives of this decision.
Counsel shall submit the appropriate judgment for entry.
[1] Ostensibly, the purpose of submitting these documents is to facilitate the Board's providing notice of the hearing to nearby property owners.
[2] Frost provided the list of abutters on the date of the hearing.
[3] These provisions are part of the Warren Zoning Ordinance and pertain to appeals to the Zoning Board of Review from decisions of the Zoning Officer.
[4] See infra (discussing the revision of the Zoning Enabling Act).
[5] Section 45-24-18 of the Zoning Act, entitled "Hearing of appeals to board," required "public notice [of the hearing of the appeal], as well as due notice to the parties in interest. . . ." Section 45-23-17 of the Subdivision Act required "public notice [of the hearing of the appeal], as well as due notice to the parties in interest, including the applicant, abutting owners, and any other person who entered appearances before the plan commission. . . ." Public Law 1991, ch. 307 § 1, which became effective December 31, 1994, repealed §§ 45-24-1 to45-24-26 and replaced them with §§ 45-24-27 to 45-24-72. Public Law 1992, ch. 385 § 1, which became effective December 31, 1995, repealed §§ 45-23-1 to 45-23-24 and replaced them with §§ 45-23-25 to45-23-74.
[6] See supra note 5 (highlighting zoning and planning statutory notice language and revision dates).
[7] Under § 45-24-66 of the Zoning Act, "Appeals — Public hearing by zoning board of review," the board of review must "give public notice [of the hearing of the appeal] . . . in a newspaper of general circulation . . . [and such notice] shall be sent by first class mail, postage prepaid, to the appellant and to those requiring notice under § 45-24-53." Section 45-24-53(c)(2) requires written notice of the hearing to be mailed to property owners within 200 feet of the subject property.
[8] Section 19-31 of the Warren Town Code establishes its zoning board of review as the board of appeals required by the Subdivision Act. The Warren Town Code establishes the board pursuant to repealed sections of the Subdivision Act, 45-23-14 to 45-23-18, effective December 31, 1995. For the purposes of this appeal, this oversight is inconsequential.